**STATE of Missouri, Plaintiff-Respondent,**

v.

**Murphy C. JONES, Defendant-Appellant.**

**No. 34577.**

Missouri Court of Appeals,
St. Louis District, Division 1.

Nov. 14, 1972.

Roger L. Scherck, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Robert Hoffman, Asst. Pros. Atty., St. Louis, John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

This is an appeal from a conviction in the St. Louis Court of Criminal Corrections and a sentence of 60 days in the City Workhouse. Defendant was convicted of common assault, a misdemeanor. Section 559.220, RSMo 1969 (V.A.M.S.).

Defendant attacks his conviction upon the ground that he was denied counsel. The record is totally silent of any request for counsel by defendant or of any advice by the trial court of a right to counsel. The matter apparently was not discussed. The record is also silent as to whether or not defendant was indigent, although we do not consider that of importance in the disposition we make. Defendant represented himself at the trial, although he had counsel to prepare his motion for new trial and on appeal here.

It is the State's contention that there is no requirement that the record show defendant was advised of his right to counsel in a misdemeanor case as is required in felony cases. See Supreme Court Rule 29.01, V.A.M.R. We agree that Rule 29.01 does not require such showing in misdemeanor cases.

Essentially the question presented is whether the defendant must show he was denied counsel or the state must show waiver. Whatever the rule heretofore, since Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, we believe the burden is on the State. *Argersinger,* decided June 12, 1972, held that the constitutional right to counsel enunciated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, applied to any offense, petty, misdemeanor or felony, in which the sentence included imprisonment. The holding of the court was stated as follows: "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classi-

fied as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

■■ It seems clear from this language that unless the record clearly shows an intelligent and knowing waiver, imprisonment cannot be imposed if the defendant did not have counsel. Rule 29.01[1] is designed to provide the protections required by *Gideon* in felony cases. *Argersinger* has extended those protections to misdemeanor and petty cases. It is axiomatic that no rule of the Missouri Supreme Court can override the mandates of the U. S. Constitution as interpreted by the Supreme Court of the United States.

■ We, therefore, conclude that under *Argersinger, supra,* the record here fails to disclose an intelligent and knowing waiver of counsel. The case was tried before the decision in *Argersinger*. In Arsenault v. Commonwealth of Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5, the Supreme Court stated that: "The right to counsel at the trial (citing Gideon) on appeal (citation) and at the other 'critical' stages of the criminal proceedings (citation) have all been made retroactive, since the 'denial of the right must almost invariably deny a fair trial.'" [2].

*Argersinger* is an extension of *Gideon* and is based upon the denial of a constitutional right to counsel. We conclude it is to be retroactively applied and controls this case.

Respondent contends that appellant's position on appeal that he was not informed of his right to counsel, and was denied the assistance of counsel is inconsistent with his motion for new trial that "although he requested legal counsel, was denied said legal counsel . . ." The answer to this is the previously quoted portion of the *Argersinger* case. Whether counsel was denied or defendant was never informed of his right to counsel, the record here shows that defendant was tried without counsel. There is no explanation of why, and in that posture the conviction cannot stand.

Judgment reversed and cause remanded for new trial.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.

1. In pertinent part that rule reads: "(a) In every criminal prosecution in any court of this State, the accused shall have the right to appear and defend the same in person and by counsel. If any person charged with the commission of a felony appears upon arraignment without counsel, it shall be the duty of the court to advise him of his right to counsel, and of the willingness of the court to appoint counsel to represent him if he is unable to employ counsel. If the defendant so requests, and if it appears [from a showing of indigency] that the defendant is unable to employ counsel, it shall be the duty of the court to appoint counsel to represent him. If, after being informed as to his rights, the defendant indicates his desire to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the court shall have no duty to appoint counsel. . . . (b) In every case where the defendant in a felony case appears upon arraignment without counsel, the reporter of the court shall record accurately all proceedings taken by the court under the provisions of this Rule, and, in the event counsel is not appointed by the court, the court reporter shall prepare a transcript of such proceedings, shall certify to the correctness thereof, and such transcript shall be filed with the other papers in the case, but the failure of the court reporter to comply with the provisions hereof shall not be indicative that the court has failed to observe the requirements of this Rule."