**STATE of Missouri, Respondent,**

v.

**Darryl HENDERSON, Appellant.**

**No. 37224.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 1, 1977.

Motion for Rehearing or Transfer
Denied April 15, 1977.

Robert A. Hampe, St. Louis, for appellant.

John Danforth, Atty. Gen., Preston Dean, Christopher R. Brewster, Asst. Attys. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Darryl Henderson, charged pursuant to the Second Offender Act, § 556.280 RSMo 1969, and also with having previously been convicted of the misdemeanor of illegally possessing marijuana, was charged by Information with, and found guilty by a jury of, a subsequent illegal possession of marijuana in an amount less than 35 grams.

Appellant does not challenge the sufficiency of the evidence to support a finding of guilt, but he has appealed from the ensuing judgment and contends that the Circuit Court of the City of St. Louis was without jurisdiction to try him because (a) that court does not have jurisdiction to try misdemeanor cases, (b) the possession of marijuana in an amount less than 35 grams is a misdemeanor unless it is a second or subsequent offense, and (c) the proof by the State of a prior conviction of appellant for

possession of marijuana "failed to show that [he] had been represented by counsel at the time of his guilty plea, or that he had waived his right to counsel." Appellant makes no claim that he was denied the right to counsel.

The first offense for the possession of marijuana in an amount less than 35 grams is a misdemeanor, § 195.200.1(1)(a), and the second or subsequent offense is a felony, § 195.200.1(1)(b), Laws of Missouri 1973. The State proved that on July 11, 1974, appellant entered a plea of guilty in the St. Louis Court of Criminal Corrections to a charge of illegal possession of marijuana in an amount of less than 35 grams. We accept for the purposes of this appeal that, although the Public Defender was appointed to represent him and entered his appearance, and subsequently filed and argued a motion, appellant did not have counsel with him in court at the time he entered the plea of guilty, and there is no record entry of a waiver of counsel or evidence from which it could be determined that he knowingly and understandingly waived counsel. The sentence imposed was a fine of $125.00 and confinement in the "City Workhouse" for 60 days.

No Supreme Court Rule or Statute of this State invalidates the judgment of conviction of appellant in the St. Louis Court of Criminal Corrections of the misdemeanor of possessing marijuana because he was not represented by counsel when he entered the plea of guilty. Therefore if that conviction cannot form the basis for a first offense for the possession of marijuana, it is because of some federally imposed limitation.

*Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), ruled that the right to counsel guaranteed by the Sixth Amendment to the United States Constitution, is applicable to the states by virtue of the Fourteenth Amendment, and that it is not constitutionally permissible to try a person for a *felony* in a State court unless he has a lawyer or has validly waived one. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), ruled it to be impermissible to use a prior conviction

which was "constitutionally infirm" under the standards of *Gideon v. Wainwright* to authorize increased punishment pursuant to a state recidivist statute. Neither of these cases pertained to the use in another case of a prior conviction of a misdemeanor, or to the necessity of counsel at trial when the offense for which an accused is on trial is a misdemeanor.

In *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972), it was ruled that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial," but in the course of the opinion it was expressly stated that the court was not considering "the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, * *." The rule of the *Argersinger* case is not directed to the validity of the judgment of conviction of a misdemeanor; it proscribes certain punishment.

In this case appellant entered a plea of guilty in the Court of Criminal Corrections to a misdemeanor, and was sentenced to a fine of $125 and imprisonment for 60 days. From the record before us we do not know whether appellant was in fact imprisoned. If so, he could have obtained his release by habeas corpus; not on the basis that the conviction was invalid, but because punishment in the form of imprisonment was not permissible.

If an appeal had been taken the case would have been remanded for the imposition of a permissible sentence, or that part of the sentence imposing imprisonment would have been vacated. *State v. Jones,* 487 S.W.2d 586 (Mo.App.1972).

Neither *Burgett v. Texas, supra,* nor *Argersinger v. Hamlin, supra,* precludes the proof in the present case of the prior conviction of appellant in the Court of Criminal Corrections of the misdemeanor to which he entered a plea of guilty. Therefore, the subsequent possession of marijuana, which forms the basis of the charge in this case,

constituted a felony, and the trial court had jurisdiction to try the case.

The judgment is affirmed.

SMITH, P. J., and NORWIN D. HOUSER, Special Judge, concur.