Maurice J. MERRIGAN, Appellant,

v.

James SPRADLING, Director of Revenue, Respondent.

No. KCD 29275.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Larry L. Zahnd, Glenn A. Dietrich, Zahnd & Dietrich, Maryville, for appellant.

John D. Ashcroft, Atty. Gen., S. Joel Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

. TURNAGE, Judge.

Maurice J. Merrigan appealed a thirty-day suspension of his operator's license by the Director of the Department of Revenue for the accumulation of eight points within eighteen months. Section 302.304(2), RSMo 1975 Supp. The circuit court affirmed and Merrigan appeals from that judgment.

Merrigan raises questions concerning the admission of evidence; the sufficiency of the evidence; the constitutionality of § 302.304, RSMo 1975 Supp., and the validity of traffic convictions without counsel. Affirmed.

The Director notified Merrigan his operator's license would be suspended for a period of thirty days beginning September 6, 1976, because Merrigan had accumulated eight points within eighteen months because of speeding convictions. A copy of his driving record was sent to Merrigan which showed a speeding conviction in Buchanan County in March, 1976, with the assessment of three points; a speeding conviction in Chariton County in May, 1976, with an assessment of three points; and a speeding conviction in the City of Maryville in July, 1976, with an assessment of two points. Thereafter a corrected copy of his driving record was sent to Merrigan which showed, in addition to the above convictions, a speeding conviction in DeKalb County in August, 1976, with an assessment of three points.

Merrigan first attacks the judgment for error in admitting an exhibit which purported to be a recital by the Clerk of the Magistrate Court of Chariton County con-

cerning Merrigan's plea of guilty to speeding in that court. It is not necessary to determine the validity of this claim since this conviction is contained in Exhibit D which was the record concerning Merrigan maintained by the Department of Revenue pursuant to § 301.430, RSMo 1969. This evidence was merely cumulative to Exhibit D. Furthermore, in a court-tried case the appellate court will consider only such evidence as it deems admissible. *Ruckman & Hansen v. State Highway Commission*, 546 S.W.2d 500, 502 (Mo.App.1976).

■ Merrigan's next complaint concerns the admission of Exhibit D. As noted, this exhibit was the record maintained by the Department of Revenue concerning Merrigan. The exhibit was certified by the custodian of records of the driver's license bureau of the Department of Revenue. Section 302.312, RSMo 1975 Supp. provides that copies of all papers and documents lawfully deposited or filed in the office of the Department of Revenue properly certified by the appropriate custodian or the Director shall be admissible in evidence in all courts. This exhibit contained copies of uniform traffic tickets as well as the driving record which set out the violation description, date of conviction, location of the court and the points assessed. The uniform traffic tickets were sent to the Department pursuant to § 301.430. Merrigan argues Exhibit D should not have been admitted unless the report of the conviction maintained by the Director was properly certified under § 490.130, RSMo 1969. He argues that since § 302.312 provides the copies of papers and documents properly certified by the Director shall be admissible in the same manner and with like effect as the original, this means the copy would not be admissible unless the original would be. Merrigan overlooks the requirement of § 301.430 which required the clerks of all courts of record as well as the clerks of municipal courts to forward information concerning convictions of traffic offenses to the Department of Revenue. This information is not required in that section to be certified under the provisions of § 490.130. Section 490.130 allows the reception in evidence of the records in judicial proceedings of any court of the United States, or of this state, attested by the clerk thereof, with a seal annexed. This section has no application to the case at bar because the records here are those required by § 301.430 to be kept by the Department of Revenue based upon the reports received from the clerks of all courts of record in this state. The copy of this record compiled by the Department of Revenue with reference to each licensed driver is made admissible by § 302.312. The reference in § 302.312 to "copy" simply means the director may send copies of the records he receives from the various courts to the proper officials to be presented as evidence so that he is relieved from the obligation of sending the original documents which he maintains. Exhibit D is admissible and will be considered by this court.

■ Merrigan next urges the evidence was insufficient to demonstrate that he had eight points assessed against him within eighteen months. This argument is largely premised on the argument previously discussed concerning the admissibility of Exhibit D and the magistrate record from Chariton County. In addition, Merrigan argues the record is insufficient to show the exemption contained in § 304.009, RSMo 1975 Supp. does not apply. That section provides that violation of the 55 mph speed limit on state highways shall not accumulate points under § 302.302, RSMo 1975 Supp. unless the violation exceeds the speed limit established by other laws. The maximum speed permitted on state highways is 70 mph as provided in § 304.010, RSMo 1975 Supp. Exhibit D showed Merrigan pleaded guilty to the following speeds: 76 mph in a 55 mph zone in the Magistrate Court of Buchanan County; 80 mph in a 55 mph zone in the Magistrate Court of Chariton County; and 46 mph in a 35 mph zone in the City of Maryville. None of these convictions would be covered by the exemption in § 304.009. Under § 302.302(2) the convictions in the Magistrate Courts of Buchanan County and Chariton County were properly assessed at three points and the conviction

in the City of Maryville was properly assessed at two points. Exhibit D showed the proper assessment of eight points within a little over four months. Under § 302.-304(2), RSMo 1975 Supp. the Director was obligated to suspend Merrigan's operator's license for a period of thirty days since this was his first suspension.

Merrigan makes some argument that the Director was obligated to produce certified copies of the convictions before the circuit court would be authorized to sustain the suspension. As noted above, § 301.430 requires notice to the Director of convictions and requires the Director to keep a record in the name of each driver of all convictions. Under § 302.304 the Director is obligated to suspend or revoke a license when the accumulation of points reaches the totals there enumerated. There is no requirement that the Director produce certified copies of convictions or any more evidence on an appeal from a suspension than the evidence upon which the Director acted when he ordered the suspension. Once evidence has been adduced which shows the Director properly ordered a suspension, the Director has met his burden of proof to support the suspension. The driver, of course, is free to raise any legal defense to show the suspension is improper.

Here Merrigan made no defense to the suspension except as herein discussed. In that posture the court had before it sufficient evidence to sustain the action of the Director.

Merrigan next contends § 302.304 is unconstitutional because it does not provide for notice and hearing prior to suspension and because of this he was denied due process of law. The United States Supreme Court has answered this question directly in *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). The court there held a driver is not entitled to a hearing before the state issues an order suspending his driver's license. The Missouri statutory scheme for the suspension of driver's license is very similar to the Illinois statutes involved in *Dixon*. *Dixon* fully answers Merrigan's argument on this score.

Merrigan finally contends his convictions should be deemed void because the record does not affirmatively show that at the time of such convictions he was represented by counsel or made a voluntary, knowing and intelligent waiver of the right to counsel.

The record does not contain a showing that Merrigan was represented by counsel or waived the right to counsel, but in each instance reflects a plea of guilty. However, in *State v. Henderson*, 549 S.W.2d 566 (Mo.App.1977) the court held the holding in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) does not void a conviction in which a defendant is not shown to have been represented by counsel or to have waived such right, but only prevents the imprisonment of a defendant in that situation. The record in this case shows in each instance Merrigan was fined and not imprisoned. Under *Henderson*, the failure of the record to show the presence or the waiver of counsel does not void the convictions.

The judgment is affirmed.

All concur.