Buddy E. ALLEN, Appellant,

v.

James LaPAGE et al., Respondents.

No. 40337.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

REINHARD, Presiding Judge.

Buddy Allen appeals from a circuit court order affirming the action of the director of revenue revoking his driver's license based on alleged convictions of traffic offenses in another state.

On October 21, 1977, the director of the Missouri Department of Revenue mailed to appellant notice that his Missouri driver's license was being revoked for one year due to an accumulation of 12 or more points. The notification contained appellant's driving record, which showed two assessments of 12 points each for violations allegedly occurring in Illinois. On November 10, 1977, appellant filed his petition for review in the circuit court, alleging that the decision of the director of revenue was based on insubstantial and incompetent evidence and constituted an abuse of discretion.

The trial on the petition was held on March 14, 1978. As Exhibit Number 1 and its only evidence, the Department of Revenue presented a certified copy of that department's records regarding the driver's license of Buddy Allen. The exhibit included the following: a copy of a traffic ticket issued by an Illinois State Trooper to appellant charging him with reckless homicide under Ill.Rev.St. Ch. 38, § 9–3; a copy of an order of revocation from the Illinois Secretary of State to the appellant, reciting that the revocation of appellant's Illinois driver's license was based on his conviction for reckless homicide; a copy of a traffic ticket issued by an Illinois State trooper to appellant charging him with driving under the influence of intoxicating liquor, in violation of Ill.Rev.St. Ch. 95½, § 11–501(a); a copy of a second order of revocation from the Illinois Secretary of State to appellant, the revocation based on a reported conviction of operating a motor vehicle while under the influence of intoxicating liquor; and a notice of loss of driving privileges from the Missouri director of Revenue to appellant, based in part on the alleged Illinois convictions and effective as of November 11, 1977.[1] Appellant objected to the introduc-

Dennis C. Brewer, Brewer & Gerhard, Perryville, for appellant.

John G. Meyer, Pros. Atty., Perryville, Richard L. Wieler, J. Kent Lowry, Arnold R. Day, Asst. Attys. Gen., Jefferson City, for respondents.

---

1. Other documents were included in appellant's driving record offered as Exhibit 1, such as a Missouri Uniform Traffic Ticket, various correspondence between the Department of Revenue

tion into evidence of each of these documents as being both hearsay and irrelevant. The trial court overruled each of these objections, denied appellant's motion for summary judgment, and on the basis of this evidence alone, dissolved its temporary restraining order against the revocation order of the Department of Revenue. Appellant then brought this appeal, and the court stayed the revocation order pending the resolution of the appeal.

Appellant first posits error in the trial court's refusal to grant his motion for a summary judgment, contending that the director of revenue failed to prove he had proper notice of a conviction in another state. Appellant argues that these documents offered to prove notice were inadmissible because either hearsay or irrelevant. Specifically, appellant finds inadequacy in the lack of proper certification of these documents.

■ § 302.160, RSMo 1969 [2] provides that "[t]he director of revenue is authorized to suspend or revoke the license of any resident of this state upon receiving *notice* of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for . . . suspension or revocation . . ." (Emphasis added) Nowhere in the statute or the case law is there any requirement that said notice be a certified copy of the court records of that state.

In *Merrigan v. Spradling*, 564 S.W.2d 615 (Mo.App.1978), our Kansas City brethren confronted the question of the admissibility of Merrigan's driving record maintained by the Department of Revenue, records similar to those admitted here. The records were certified by the custodian of records of the drivers license bureau, as were the records offered here. Merrigan argued that the records should not have been admitted unless the report of the conviction maintained by the director was properly certified under

§ 490.130. The court found that the certification requirements of § 490.130 were not applicable to that situation and ruled that the records maintained by the Department of Revenue were admissible. In so holding the court also noted that under § 301.430, the clerks of courts of record in Missouri are to send reports of convictions to the director of revenue who is to maintain records of those convictions. 564 S.W.2d at 617; § 301.430.

Similarly, the statutes of Illinois contain provisions which require the clerks of Illinois courts to send reports of convictions of traffic offenses to the Secretary of State of Illinois, records which the Secretary of State is to maintain. S.H.A. Ch. 95½ §§ 6–204 and 6–117. The Illinois statutes further authorize the Secretary of State to send a copy of a report of a conviction of a non-resident to the motor vehicle administrator of the state where the party resides, and require the Secretary of State, upon the revocation in Illinois of a non-resident's operating privilege, to forward a certified copy of the record of such action to the vehicle administrator in the state where the party resides. S.H.A. Ch. 95½, § 6–202(b) and (c). Therefore, the traffic records maintained by the Director of Revenue comprised documents required to be kept by the Illinois authorities.

Although *Merrigan* did not involve convictions from another state, the case does suggest that it is the certification of the records kept by the director that is significant, not certification of the underlying information forwarded to him from either Missouri courts or the courts and administrators of other states. Furthermore, as to the Department's exhibit comprising copies of the records of that department, § 302.312 provides that copies of all papers in the department's records and files are admissible the same as the original, if properly certified by the custodian or the director.

and appellant, and a copy of the court order staying the revocation of appellant's license. While *some of these items may not have been* relevant to the issue of notice of convictions from other states, their admission was in no way prejudicial.

2. Unless otherwise indicated, all statutory references are to RSMo 1969.

The driving records of appellant maintained by the Department of Revenue were properly certified by the custodian of records of the Drivers License Bureau of that department. As noted above, the relevant parts of this record were two Illinois traffic tickets issued to appellant and two orders of revocation from the Illinois Secretary of State to appellant. Though the copies are not of the highest quality, the tickets contain, inter alia, the name of appellant, his license number, the dates, location and nature of the alleged violations, the statutory provisions violated, and the signature of the issuing officers. Furthermore, the reverse sides of these tickets, although generally indecipherable, each contain a finding of "guilty", a fine, and the signature of an undesignated party. As for the orders of revocation, these recite the statutory provision authorizing revocation and the conviction warranting the revocation. These orders are designated at the bottom as "FOR FOREIGN STATE" and contain both the signature of the Secretary of State of Illinois and the seal of the State of Illinois. These items constituted notice to the director of revenue within § 302.160, and the director was not obligated to look beyond the notice provided by the Illinois authorities. *Farnsworth v. Director of Revenue*, 573 S.W.2d 135, p. 137 (K.C.D.Mo.App. 1978). The evidence offered was competent and sufficient to show that the director had proper notice of a conviction in another state.

As his second point of error, plaintiff contends the Department of Revenue failed to meet its burden of showing that the Illinois convictions, if committed in Missouri, would have resulted in an assessment of 12 points in Missouri. We cannot agree.

The records offered reveal that appellant was convicted in Illinois of "operating a motor vehicle while under the influence of intoxicating liquor," in violation of Ill.Rev.St. Ch. 95½, § 11–501(a). § 302.-302(7), RSMo (Supp.1975) provides that "[d]riving while in an intoxicated condition" shall warrant an assessment of 12 points. The Missouri Supreme Court in *McIntyre v. David*, 431 S.W.2d 216, 220 (Mo.1968) held that the phrase "under the influence of intoxicating liquor" as used in the California Vehicle Code was synonymous with the phrase "while in an intoxicated condition" as used in the Missouri Statutes §§ 564.440 and 302.302(7), RSMo 1969. We find that those same phrases are also synonymous as used in the Ill.Rev.St. Ch. 95½, § 11–501(a) and, again, §§ 564.440 and 302.302(7) RSMo (Supp.1975).

Appellant's other conviction on which his revocation was based was of "reckless homicide" under Ill.Rev.St. Ch. 38, § 9–3. "Reckless homicide" is defined in Ill.Rev.St. Ch. 38, § 9–3(b)(2) as a Class 4 Felony. Although there is no statutory definition of "reckless homicide" in Missouri, the offense of reckless homicide, as defined in Ill.Rev.St. Ch. 38, § 9–3, is equivalent to the offense of manslaughter by culpable negligence in the operation of an automobile. § 559.070; *State v. Achter*, 448 S.W.2d 898 (Mo.1970); *State v. Cutshall*, 430 S.W.2d 173 (Mo.1968). Furthermore, manslaughter by culpable negligence in the operation of an automobile is a felony. §§ 556.020 and 559.140. § 302.302(9) provides that conviction of any felony involving the use of a motor vehicle warrants an assessment of 12 points. Therefore, taking judicial notice of the statutes of Missouri and the statutes of Illinois, § 490.080, we find also that there was sufficient evidence to support the finding that the conviction for reckless homicide, if committed in Missouri, would have resulted in an assessment of 12 points.

Affirmed.

CLEMENS and GUNN, JJ., concur.