Laurance Thorton **PHISTER**,
Petitioner–Appellant,

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 17740.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 10, 1992.

Bert V. Twibell, Springfield, for petitioner-appellant.

Don W. Crank, Springfield, for respondent.

FLANIGAN, Chief Judge.

The Director of Revenue, by an order effective on December 6, 1990, revoked the driver's license of Laurance Phister for a period of five years. Phister timely appealed to the circuit court of the county of his residence as permitted by § 302.311.[1] The court sustained the revocation. Phister appeals.

The order of revocation recited that the reason for its issuance was "two DWI convictions." See § 302.060(10); § 302.302.-1(7), (8); and § 302.304.6. The argument portion of Phister's brief states: "The only evidence in this case consists of a certified copy of [Phister's] driving record." According to that record, Phister was convicted twice of driving while intoxicated. He was convicted in Boone County on April 29, 1988, and 8 points were assessed. He was convicted in Greene County on September 20, 1990, and 12 points were assessed.

Section 302.311, which deals with an appeal from a revocation of a driver's license by the director, reads, in pertinent part: "Upon such appeal the cause shall be heard *de novo* and the circuit court may ... sustain the ... revocation by the director, set aside or modify the same.... Appeals from the judgment of the circuit court may be taken as in civil cases."

Rule 84.04(a) deals with contents of the brief for appellant. The required contents include a statement of the facts. Rule 84.04(c) reads, in pertinent part: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

The sole point which Phister seeks to raise is that the revocation was invalid because the director's evidence "is completely void of any judgment of conviction regarding Phister's alleged driving while intoxicated conviction in Boone County, Missouri.... It does not include a copy of a judgment for the other alleged DWI conviction in Boone County, Missouri." [2]

The statement of facts portion of Phister's brief makes no reference to the Boone County conviction or to the "certified copy of [Phister's] driving record" to which he refers in his argument. The statement of facts refers to the order of revocation and describes its basis as "two state driving while intoxicated convictions." It then states that Phister filed his petition for review of the order of revocation on December 4, 1990, and that the case came on for hearing before the circuit court on April 29, 1991. The statement of facts then states:

> By agreement of the counsels for appellant and respondent, the case was submitted to the court *on information in the file* without testimony or argument. Appellant was given 30 days to file Suggestions and respondent given 15 days to respond. By letter dated May 23, 1991, Suggestions were submitted to the court on behalf of appellant. By letter dated May 30, 1991, Suggestions were filed with the court on behalf of respondent.[3] By letter dated July 15, 1991, the court denied appellant's Petition for Review of

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. "[I]t is the certification of the records kept by the director that is significant, not certification of the underlying information forwarded to him from either Missouri courts or the courts and administrators of other states." *Allen v. LaPage,* 579 S.W.2d 391, 393 (Mo.App.1979). See also *Ragland v. McNeill,* 747 S.W.2d 701, 703 (Mo. App.1988); *State v. Jackson* 690 S.W.2d 491, 493[1] (Mo.App.1985); *State v. Huffman,* 627 S.W.2d 672 (Mo.App.1982); *State v. Flowers,* 597 S.W.2d 276, 277[1,2] (Mo.App.1980); and *Merrigan v. Spradling,* 564 S.W.2d 615, 618[4] (Mo. App.1978).

3. The letter of May 23, 1991, written by Phister's attorney to the court states, in part: "The Department of Revenue is being represented by the Greene County Prosecuting Attorney's Office, and it has been agreed that the decision in this case may be based upon written suggestions."

The letter of May 30, 1991, written by Don Crank, Assistant Prosecuting Attorney, states, in part: "The state has in its possession certified copies of petitioner's Boone County convictions (sic) and will introduce this into evidence, as well as the Greene County conviction."

These letters are in the legal file. The statement of facts makes no mention of their contents.

Order Revoking Drivers License. (Emphasis added.)

Although the statement of facts refers to "information in the file," it does not state what that information was. The statement of facts makes no mention of the "certified copy of [Phister's] driving record," nor the fact that that record shows the Boone County conviction and its "conviction file number."

The statement of facts is defective. "[A]llegations of error ... not properly briefed shall not be considered in any civil appeal." Rule 84.13(a). A gratuitous examination of the file discloses no plain error.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.