Bennie **SCHRIMPF,** Respondent,

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Appellant.**

No. WD 49420.

Missouri Court of Appeals, Western District.

Dec. 20, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Daniel W. Deiter, Montgomery City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and SMART, JJ.

HANNA, Presiding Judge.

The Director of Revenue (Director) suspended Bennie Schrimpf's driving privileges for accumulating eight points in eighteen months pursuant to § 302.304.2, RSMo Supp.

1993.[1]  Mr. Schrimpf petitioned for de novo review, and the trial court entered a stay order.  The case was heard on March 3, 1994, and addressed the admissibility of the Department of Revenue's records concerning Schrimpf.  The court found the records to be admissible, and subsequently entered an order in favor of Schrimpf stating there was insufficient evidence to uphold the suspension.  The Director appeals.

A preliminary issue raised in the briefs concerns the admissibility of Exhibit 1, which was the record maintained by the Missouri Department of Revenue.  The exhibit contained a certified copy of Mr. Schrimpf's driving record listing his traffic violations, conviction dates, location of convictions, points assessed and the dates that points were assessed.  The exhibit also contained copies of Ohio and Michigan traffic convictions which had been sent to the Department of Revenue.  Accompanying the exhibit were notarized affidavits which were signed by the custodian of records for the driver's license bureau of the Department of Revenue.  The affidavits noted that the submitted records were prepared and maintained in the regular course of business.  The affidavit further noted that the records were certified pursuant to § 302.312 and that the records were exact duplicates of the original records filed with the Department.

Mr. Schrimpf claims that Exhibit 1 was not admissible because there was no foundation testimony presented, relying on *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993).  Unlike the case at bar, *Hadlock* involved a suspension of driving privileges pursuant to the Administrative D.W.I. Law, §§ 302.505–302.540, RSMo 1986, and focused on the admissibility of breathalyzer test records and reports.  *Id.* at 336.  The Missouri Supreme Court held that copies of the documents filed with the Department of Revenue were "subject to the same foundation objections as would be their originals: authentication and hearsay."  *Id.* at 338.  The court also indicated, however, that Department documents may be offered as a business record pursuant to § 490.692.  *Id.*

1.  All statutory citations are to Missouri Revised Statutes Supp.1993, unless otherwise specified.

at 338 n. 6. Section 490.692 permits a custodian of records to submit an affidavit in lieu of foundation testimony with regard to the admission of business records. *Narsh v. Director of Revenue,* 878 S.W.2d 82, 83 n. 3 (Mo.App.1994).

In this case, the Department records were accompanied by notarized affidavits signed by the custodian of records of the driver's license bureau, which were submitted in lieu of testimony. The form and content of the affidavits are identical to the model language set forth in § 490.692, with the addition of a certification pursuant to § 302.312. Accordingly, we find that Exhibit 1 was properly admitted.

Mr. Schrimpf further argues that the out-of-state convictions were not properly certified by the issuing states. Section 302.160 authorizes the Director of Revenue to assess points for out-of-state convictions when it receives notice of the conviction. There is no requirement in the statute that the notice of a conviction in another state be a certified copy of the court records of the issuing state. *Allen v. LaPage,* 579 S.W.2d 391, 393 (Mo.App.1979).

With regard to the sufficiency of evidence, the Director of Revenue contends that the trial court erred in setting aside the suspension because the evidence demonstrates that Mr. Schrimpf had accumulated eight points in eighteen months, mandating a suspension under § 302.304.2.

Mr. Schrimpf's driving record reflects that his driving privileges were initially suspended for an accumulation of points on March 1, 1992, and reinstated on May 30, 1992. As of the date of the reinstatement of his driver's license, his total points were reduced to four pursuant to § 302.304.9. On May 10, 1993, Mr. Schrimpf was convicted of a speeding violation in Ohio for which two points were assessed to his driving record on September 9, 1993. On August 13, 1993, Mr. Schrimpf was convicted of another speeding violation in Ohio, resulting in three points being assessed to his record on September 28, 1993. On August 19, 1993, Mr. Schrimpf was con-

victed of a speeding violation in Michigan and three points were assessed to his driving record on December 8, 1993.[2]

Section 302.304.2 authorizes the Director of Revenue to suspend the driving privileges of any person whose driving record shows he has accumulated eight points in eighteen months. *Buttrick v. Director of Revenue,* 804 S.W.2d 19, 19 (Mo. banc 1991). With respect to out-of-state violations, § 302.160 authorizes the Director to assess points after receiving notice of a conviction in another state which, if committed in Missouri, would result in the assessment of points. *Padgett v. Director of Revenue,* 841 S.W.2d 777, 778 (Mo.App.1992).

Mr. Schrimpf claims that the Director was not authorized to assess points based on his out-of-state convictions because it failed to establish that the speeding violations, if committed in Missouri, would have resulted in the assessment of points. In support of this contention, Mr. Schrimpf relies on §§ 304.009 and 304.010. Section 304.009 provides, in pertinent part:

> 1. The uniform maximum speed limit upon the roads and highways of this state which are not part of the interstate system of highways outside urbanized areas of fifty thousand population or more shall be fifty-five miles per hour. The uniform maximum speed limit upon all highways of this state which are part of the interstate system of highways outside urbanized areas of fifty thousand population or more shall be sixty-five miles per hour for vehicles other than trucks registered for a gross weight of more than twenty-four thousand pounds. The uniform maximum speed limit upon all highways of this state which are part of the interstate system of highways outside urbanized areas of fifty thousand population or more shall be sixty miles per hour for all trucks registered for a gross weight of more than twenty-four thousand pounds.
>
> 2. ... Violations of the speed limit set by this section shall not accumulate points until and unless such speed exceeds those

---

**2.** The Director conceded on appeal that the evidence was insufficient to determine whether points should have been assessed as a result of the Michigan conviction.

maximums set by other state statute, or by ordinance of any political subdivision of the state.

Section 304.010.2 provides in pertinent part:

2. Except as otherwise provided by law, no truck registered for a gross weight of more than twenty-four thousand pounds shall be operated at any time in excess of sixty miles per hour, and no other vehicle shall be operated in excess of:

(1) Seventy miles per hour on any divided highway designated and marked as a federal route or any state-maintained highway designated as suitable for and marked by the state highway and transportation commission with appropriate speed limit signs, or, when lighted lamps are not required by law, on any other highway designated and marked as a federal route;

For all vehicles other than trucks with a registered gross weight of more than twenty-four thousand pounds, the maximum speed limit on state-maintained highways is 70 m.p.h. as set forth in § 304.010. *Merrigan v. Spradling*, 564 S.W.2d 615, 617 (Mo.App. 1978). Section 304.009 is a statutory exemption which precludes the assessment of points for violations of state-set speed limits which are between 55 m.p.h. and 70 m.p.h. *Knierim v. James*, 677 S.W.2d 322, 324–25 (Mo. banc 1984). In order to ascertain whether points would be assessed in Missouri for an out-of-state violation, it is necessary to determine whether the statutory exemption applies. In order to determine whether the exemption applies, it is essential to know the type of roadway and the type of vehicle involved.

■ At issue in this case are two speeding tickets that Mr. Schrimpf received while he was driving in the state of Ohio in April and July of 1993. The record shows that on both occasions, Mr. Schrimpf was traveling in a 1982 brown Ford "semi" on a "public highway" in violation of § 4511.21(D)(3) of the Ohio Revised Statutes.[3] The April ticket shows that Mr. Schrimpf was driving 67 m.p.h. in a 55 m.p.h. zone in Maumee, Lucas County, Ohio. The July ticket shows that he was driving 70 m.p.h. in a 55 m.p.h. zone in Wauseon, Fulton County, Ohio. Both tickets show a handwritten notation next to the highway designation reading "TP–WB" and "TP–EB" respectively. The Director suggests that these notations indicate that Mr. Schrimpf was driving on a lettered county road. However, there is nothing in the record to establish that either of the Ohio violations occurred on county roads.

■ Courts may take judicial notice of geographical facts, including official highway maps. *State v. Berger*, 618 S.W.2d 215, 218 (Mo.App.1981). The current state highway map of Ohio indicates that there is a major interstate highway (I–80 and I–90) that runs east and west across the state and through both of the counties in which Mr. Schrimpf was stopped for speeding violations. The map further shows that the portion of the highway that runs through Lucas and Fulton Counties is part of the "Ohio Turnpike." As such, it would appear that the "TP–WB" and "TP–EB" notations on the two tickets are actually abbreviations for "turnpike westbound" and "turnpike eastbound." Assuming, without deciding, that this interpretation is correct, it would appear that Mr. Schrimpf was traveling on the interstate highway rather than a county road as the Director suggests.

However, even if the type of roadway could have been determined, it would also be necessary to know the type of vehicle involved. If the vehicle is a truck, then it is necessary to know the "registered gross weight" because the maximum speed limits set forth in §§ 304.009 and 304.010 are lower on certain highways for vehicles with regis-

3. This court may take judicial notice of the statutes of other states. See *Allen v. LaPage*, 579 S.W.2d 391, 394 (Mo.App.1979). Section 4511.21(D)(3) of the Ohio Revised Statutes provides that:

(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:

(3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division.

tered gross weights exceeding twenty-four thousand pounds. Both tickets indicate that Mr. Schrimpf was driving a "semi" when he was stopped for speeding. Even assuming, however, that the "semi" driven by Mr. Schrimpf was a truck, the Director did not establish whether the vehicle's registered gross weight exceeded twenty-four thousand pounds.

Since the Director failed to establish the type of roadway upon which Mr. Schrimpf was driving and the registered gross weight of the vehicle, the evidence was insufficient to show that the § 304.009 exemption did not apply. Consequently, it would be impossible for the trial court to determine whether points should have been assessed in Missouri. Accordingly, we find that the Director failed to meet its burden of showing that its actions were proper. Therefore, the trial court correctly determined there was insufficient evidence to sustain the suspension.

Judgment affirmed.

All concur.