**Andrew Jacob BOWERS, Plaintiff–
Respondent,**

v.

**DIRECTOR OF REVENUE, State of
Missouri, Respondent–Appellant.**

No. SD 30717.

Missouri Court of Appeals,
Southern District,
Division Two.

April 15, 2011.

Chris Koster, Atty. Gen., Jayne T. Woods, Jefferson City, MO, for Appellant.

Andrew Jacob Bowers, Sullivan, MO, pro se.

NANCY STEFFEN RAHMEYER, Presiding Judge.

The Director of Revenue ("the Director") provided notice to Andrew Jacob Bowers ("Respondent") that he would be disqualified from driving a commercial motor vehicle for sixty days after he was convicted of what the Director alleged were two serious traffic violations arising from incidents occurring within three years of each other. Respondent filed a petition for review with the trial court and, in her first amended answer to the petition, the Director corrected her earlier representation, in the initial answer, of Respondent's two serious traffic violations to one for excessive speeding and one for driving a commercial motor vehicle without a commercial driver's license.

Following a hearing, both parties filed memoranda with the court. Respondent argued that the Director was bound to the original answer, which failed to identify two serious traffic violations, because the Director was not granted leave to file an amended answer and neither the docket nor the court's file showed that an amended answer was filed. Respondent also argued that, even if the amended answer were considered, the charge of driving a commercial motor vehicle without a commercial driver's license did not result in a conviction because Respondent received a suspended imposition of sentence ("SIS") on the charge. The trial court, without making any specific findings, entered a judgment reinstating Respondent's driving privileges. On appeal, the Director contends the trial court erred in reinstating Respondent's driving privileges because its judgment misapplied the law. We agree and reverse.

In her sole point on appeal, the Director argues that the trial court misapplied the law in that Respondent was convicted of two serious traffic violations occurring within three years; the Director's amended answer identifying the two violations was properly filed; and Respondent's SIS for driving a commercial motor vehicle without a license constituted a conviction.[1]

---

1. Bowers did not submit a brief in this appeal, nor was he required to do so. *West v.*

Our review of a trial court's judgment following a bench trial is limited to a determination of whether the judgment is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law; only an affirmative answer to one of these queries results in the reversal of the judgment. *Freeman v. Dir. of Revenue*, 113 S.W.3d 307, 309 (Mo.App. S.D.2003). No deference is given to the trial court's findings when the evidence is uncontested. *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010).

> Evidence is uncontested in a court-tried civil case when the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony; in that circumstance, the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated.

*Id.* In this case, the facts were uncontested. At the hearing, the Director offered, and the trial court admitted, Respondent's driving record into evidence.[2]

The Director's original answer was filed on February 25, 2008. In that answer, the Director alleged two serious traffic violations of excessive speeding within four months of each other. The Director attached Respondent's certified driving record to the answer as Exhibit A. The certified record correctly identified the offenses as excessive speeding and driving a commercial motor vehicle without obtaining a commercial driver's license. On March 4, 2008, the Director filed her first amended answer, correcting the Director's earlier representation of Respondent's two serious traffic violations to one for excessive speeding and one for driving a commercial motor vehicle without a commercial driver's license.

Respondent argued at trial that the Director's first amended answer was not filed, as neither the docket nor the court's file showed that an amended answer was filed. In the alternative, Respondent argued that the amended answer was improperly filed because the Director was not granted leave to file the first amended answer. We first address whether the amended answer was ever filed.

█ The Director's amended answer bears a "filed" stamp, indicating that it was filed with the circuit clerk of Crawford County on March 4, 2008. Furthermore, a docket entry on that same date reads: "[f]ax received and filed from DOR." Lastly, at the hearing on the petition, the Director offered Respondent's driving record and indicated that she was proceeding based upon the two convictions identified in the amended answer, excessive speeding and driving a commercial motor vehicle without a commercial driver's license, rather than the convictions identified in the original answer. Respondent did not object to those two convictions being considered. Accordingly, we find the Director's

---

*Dir. of Revenue*, 297 S.W.3d 648, 650 n. 2 (Mo.App. S.D.2009). "There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate the Director's claim of error without the benefit of whatever argument [Bowers] might have raised." *Colhouer v. Dir. of Revenue*, 283 S.W.3d 284, 286 n. 3 (Mo.App. S.D.2009).

**2.** Respondent objected to the completeness of the driving record and introduced a "Point Accumulation Advisory" letter he received from the Driver License Bureau, showing points for speeding and excessive speeding violations assessed on his record. The letter was also admitted and the court confirmed with Respondent that the admission of the letter negated his objection to the completeness of the driving record.

amended answer was filed on March 4, 2008.

■ Respondent next argues that the amended answer was not properly filed because the Director was not granted leave from the court to file an amended answer prior to filling the amended answer. Rule 55.33(a) provides, in part:

> A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served.

Rule 55.33(a).[3] No responsive pleading is required to respond to the Director's answer in a disqualification to drive a commercial motor vehicle case "except as ordered by the court." Rule 55.01. The docket sheet does not indicate that the court ordered Respondent to file a responsive pleading to the Director's original answer. Thus, if the action had not been placed on the trial calendar at the time the amended answer was filed, and the amended answer was filed within thirty days after the original answer was served, the Director was free to amend the pleading without leave of the court.

The action was not placed on the trial calendar until August 19, 2008, well after the amended answer was filed on March 4, 2008. As noted, the Director's amended answer was filed March 4, 2008, which was less than thirty days after the original answer was served on February 22, 2008. Therefore, the Director was not required to ask for leave before filing her first amended answer.

■ We now turn to the issue of whether Respondent committed two serious traffic violations within three years. If so, the Director was required to suspend Respondent's commercial driver's license for sixty days. Section 302.755.5.[4] Respondent argued to the trial court that, even if the amended answer were considered, the charge of driving a commercial motor vehicle without a commercial driver's license was not a conviction because Respondent received an SIS on the charge. The question before us is once again a question of law.

■ In general, "if one is found guilty of an offense, placed on probation and received a suspended imposition of sentence ('SIS'), Missouri law does not consider it a conviction." *Matthews v. Dir. of Revenue,* 72 S.W.3d 175, 179 (Mo.App. S.D.2002). The term conviction, however, as defined in section 302.700.2(8) of the Uniform Commercial Driver's License Act, includes unvacated adjudications of guilt "regardless of whether the penalty is suspended." *Renner v. Dir. of Revenue,* 288 S.W.3d 763, 765–67 (Mo.App. E.D.2009) (discussing section 302.700.2(8)). Therefore, Respondent's unvacated adjudication of guilt on the driving a commercial motor vehicle without a license charge, for which Respondent received an SIS, constitutes a conviction for the purposes of a commercial driver's license revocation.

■ Pursuant to the applicable version of section 302.755.5: "Any person is disqualified from driving a commercial motor vehicle for a period of not less than sixty days if convicted of two serious traffic violations...." Section 302.755.5. "Serious traffic violations" include "excessive speeding" and "[d]riving a commercial motor vehicle without obtaining a commercial

---

3. All rule references are to Missouri Court Rules (2010), unless otherwise specified.

4. All references to statutes are to RSMo Cum. Supp.2005, unless otherwise indicated.

driver's license in violation of any federal or state or county or municipal ordinance[.]" Sections 302.700.2(30)(a) and (d). Pursuant to section 302.725, driving a commercial motor vehicle without the proper class of license is a violation of state law.

Here, the basis for Respondent's sixty-day suspension was one conviction for excessive speeding and one conviction for driving a commercial motor vehicle without a commercial driver's license. Respondent was convicted of both offenses as a matter of law. The trial court erred by reinstating Respondent's driving privileges.

The judgment of the trial court is reversed and remanded with instructions to enter judgment sustaining the Director's order suspending or disqualifying Respondent's privilege to drive a commercial motor vehicle and denying Respondent relief.

BATES and FRANCIS, JJ., concur.