**Gregg Nelson SCHUILING, Plaintiff-Respondent,**

**v.**

**Peter W. SCOTT, Supervisor, Bureau of Driver's License, Department of Revenue, State of Missouri, Defendant-Appellant.**

**No. 34767.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 20, 1973.

Rehearing Denied April 6, 1973.

————◆————

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Donald K. Gerard, Clayton, for plaintiff-respondent.

McMILLIAN, Judge.

The Director of Revenue of Missouri on 8 June 1972 notified plaintiff that his driving privileges were revoked for one year, pursuant to § 302.304,[1] because of an alleged conviction of driving while intoxicated, a violation of the State of Illinois statute, which would result in the assessment of twelve (12) points. Plaintiff filed a petition for review in the circuit court of St. Louis County, Missouri. After a hearing the court reversed the Order of the Director of Revenue, and ordered the plaintiff's driving privileges be restored. The Director appealed. While none of the reasons given by the trial court for affirmance are persuasive, nonetheless, we affirm on different grounds.

---

1. All statutory references are to RSMo. 1969, unless otherwise stated.

The pertinent statutes are §§ 302.160, 302.302, subd. 1(7) and 302.304. Section 302.160 provides:

"When the director of revenue receives notice of a conviction in another state, which, if committed in this state, would result in the assessment of twelve points, he is authorized to assess the points and revoke the operating privilege as provided in section 302.304."

Section 302.302, subd. 1(7), provides:

"(7) Driving while in an intoxicated condition . . .

"In violation of state law........12 points

"In violation of a county or municipal ordinance . . . . . . 6 points."

And Section 302.304 provides for revocation of drivers' licenses by the Director of Revenue whenever 12 points are accumulated within twelve months.

 Inasmuch as these statutes are at least quasi-penal and tend to suspend or permit a forfeiture of a citizen's driving privileges, the burden of proving that conditions exist to evoke the penalty provided by the statute falls heavily upon the Director of Revenue. In the instant case, if the Illinois violation was pursuant to an Illinois state statute, then the Director was correct in his assessment of 12 points. But, on the other hand, if the violation was not statutory, but only a violation of either a county or municipal ordinance, then the action of the Director was incorrect; i. e., he could only assess 6 points rather than 12. Therefore, absent any other points to add to the 6 point assessment so as to have an aggregate of 12 points within a year, the action of the Director cannot be upheld.

 Our search of the record, including the transcript, does not indicate whether the violation committed was pursuant to an Illinois statute or a mere violation of either a county or municipal ordinance. Ac-

cordingly, we hold that the Director of Revenue has failed to sustain his burden of proof, and for this reason his action cannot be upheld. We have no way of knowing whether or not the correct assessment pursuant to § 302.302, subd. 1(7) should be 12 points or 6 points. Therefore, the judgment of the circuit court is affirmed.

DOWD, C. J., and CLEMENS, J., concur.