**James E. FARNSWORTH, Appellant,**

v.

**DIRECTOR OF REVENUE of the State of Missouri, Respondent.**

**No. KCD 29835.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Austin B. Speers, Speers & Slyter, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., J. Kent Lowry, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

---

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment which upheld revocation of license to operate a motor vehicle. The question is whether certain proceedings in Arkansas provide grounds upon which to order the revocation. Affirmed.

Appellant contends that a uniform traffic ticket issued to him in Arkansas did not state a punishable offense in Missouri to support assessment of the twelve points necessary to revocation by the Director of Revenue. His argument is that his conviction, if any, was under a county or city ordinance for which only six points could have been assessed, and thus there was no basis for revocation of his license.

On Sunday, May 29, 1977, Uniform Traffic Ticket and Complaint, Arkansas State Police, No. C 218690, was issued to James E. Farnsworth, a resident of Jackson County, Missouri, which charged him with "D.W.I." in violation of Section 75–1027, on U.S. 62 in the State of Arkansas. "D.W.I." and "75.1027" were handwritten in blank spaces provided on the complaint. The legend ".16%" accompanied the other handwritten entries. Court appearance was set for (Thursday) June 16, 1977. The issuing officer identified himself by signature and badge number at the foot of the complaint. The reverse side of the complaint shows, under Court Action: "6/16/77 * * * no appearance * * * bond forf. The Court therefore enters the following order: Fine $210.00 Costs $19.25." All the foregoing was certified as a true abstract of the record in the place provided for signature of the judge or clerk of the court.

On July 9, 1977, James E. Farnsworth was notified by the Director of Revenue of Missouri that his license to drive had been revoked for a period of one year beginning August 5, 1977, for accumulation of twelve points, pursuant to Sections 302.302 and 302.304, RSMo., as a result of the Arkansas proceedings.

The petition for review was heard August 18, 1977, at which time the above Uniform Traffic Ticket and Complaint was placed in evidence. In addition, the parties stipulated that petitioner was arrested by a county officer in Arkansas, taken to the police station in Ash Flat, and "charged with the offense of driving while intoxicated under the applicable statute of the State of Arkansas."

■ The foregoing demonstrates a case for the ordered revocation under the applicable law. As in *Schuiling v. Scott*, 493 S.W.2d 4 (Mo.App.1973), if the Arkansas violation and conviction were pursuant to an Arkansas statute, then the Director was correct in his assessment of twelve points.

Section 75–1027, Arkansas Statutes 1947 Annotated, provides:

"It is unlawful and punishable as provided in [75–1029] * * * for any person who is under the influence of intoxicating liquor to drive or be in actual control of any vehicle within this State."

Section 564.440 RSMo. provides:

"No person shall operate a motor vehicle while in an intoxicated condition."

■ " 'D.W.I.' is shorthand for driving while intoxicated and the traffic ticket containing the phrase 'D.W.I.' was a bona fide attempt to charge the offense of driving while intoxicated." *State v. Ralls*, 472 S.W.2d 642, 646 (Mo.App.1971). Cf. *City of Raytown v. Roach*, 360 S.W.2d 741, 743 (Mo. App.1962), where the court refused to conjecture that "C & I Acc" was intended to represent "careless and imprudent driving—resulting in an accident."

"Forfeiture of bond * * * is equivalent to conviction" on a charge of driving while intoxicated. *Pryor v. David*, 436 S.W.2d 3, 5 (Mo.1969).

Section 302.160 RSMo. provides:

"When the director of revenue receives notice of a conviction in another state, which, if committed in this state, would result in the assessment of twelve points, he is authorized to assess the points and revoke the operating privilege as provided in Section 302.304."

Section 302.302.1 RSMo. provides for assessment of points:

"(7) Driving while in an intoxicated condition * * * 12 points."

Section 302.304.3 RSMo. provides:

"The director shall revoke * * * the driver's license * * * of any person when his driving record shows he has obtained or accumulated twelve points in twelve months * * * ."

 Appellant charges also that the complaint is deficient because it is not identified by a proper official. This assertion overlooks the signature and initials which appear in the space provided for certification by judge or clerk. The Director was not obliged to look beyond the notice provided by the Arkansas authorities. *Pryor v. David*, supra, 436 S.W.2d l.c. 5.

Judgment affirmed.

All concur.