## James Michael CALLAHAN, Jr., Respondent,

v.

## DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 63526.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 31, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Timothy F. Devereux, Clayton, for respondent.

KAROHL, Judge.

Director of Revenue appeals from a circuit court order reversing the director's suspension of James M. Callahan, Jr.'s, driver's license based on his accumulation of eight points in eighteen months. We affirm.

On October 1, 1991, the Director of the Missouri Department of Revenue notified Callahan that his Missouri driver's license was being suspended for thirty days. The notification contained his driving record, which included an assessment of eight points for a violation that occurred in Georgia.

Callahan timely filed a petition for review in the circuit court, attacking the DWI violation and the director's assessment of points. The parties submitted the case to the court based on certified exhibits, which included a copy of Callahan's Missouri driving record and a copy of the front and back of a document entitled "Georgia Uniform Traffic Citation, Summons, Accusation/Warning." The court entered an order, finding that "[t]he 'notice' [of conviction] supplied by the State of Georgia to Mo. DOR is virtually illegible." The court also found:

the action of DOR in suspending Petitioner's license is unsupported by competent and substantial evidence that Petitioner was convicted in the State of Georgia for any offense, and the DOR is ordered to re-instate petitioner's drivers [sic] license and to erase from his record the assessment of points.

The Director of Revenue appeals from this order.

 The director's only point on appeal contends the court erred in setting aside the suspension action taken by the director because the action was proper because Callahan had accumulated eight points in eighteen months. We find no error.

 The trial court must be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Community Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 670 S.W.2d 895, 899–90 (Mo.App.1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In determining whether court-tried findings of fact are against the weight of the evidence, we will not reweigh the evidence, but rather will determine whether there is sufficient evidence to support the findings, after considering the evidence in the light most favorable to the party prevailing below, giving that party the benefit of all reasonable inferences and disregarding the other party's evidence except as it may support the judgment. *Morrison v. Jack Simpson Contractor, Inc.*, 748 S.W.2d 716, 718 (Mo.App.1988). The trial court's judgment is to be affirmed if it is correct under any reasonable theory supported by the evidence. *P.A.W. v. A.M.W.*, 716 S.W.2d 284, 287 (Mo.App.1986), *citing St. Louis County, Mo. v. Oakville Development Co., Inc.*, 676 S.W.2d 919, 921 (Mo.App.1984).

Section 302.160 RSMo Cum.Supp.1992 provides:

When the director of revenue receives notice of a conviction in another state or from a federal court of an offense on a federal military installation, which, if committed in this state, would result in the assessment of points, he is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in section 302.304.

The trial court found the notice of conviction from Georgia did not prove a Georgia conviction. It was illegible. The case was tried on a stipulated document. The proof crucial to the director's position was found insufficient. The court further found there was not substantial evidence that Callahan was convicted of any offense in Georgia. The copy of the Georgia document furnished to this court is illegible. We find no error.

Judgment affirmed.

CRANE, P.J., and CRAHAN, J., concur.