**In the Interest of B.T.**

**No. ED 88445.**

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2007.

Barbara Greenburg, Nathan Perz, Clayton, MO, for Juvenile Officer Resp.

John Bird, St. Louis, MO, for Appellant.

Adrienne L. Schaffer–James, St. Louis MO, GAL for Juvenile.

Steven W. Neimeyer, St. Louis, MO, for Respondent.

## OPINION

KENNETH M. ROMINES, Judge.

This is an appeal of the decision of the St. Louis County Circuit Court (Court), the Honorable Tommy W. DePriest, Jr., which adopted the Order of Kristine Kerr, Commissioner, to terminate parental rights with respect to B.T. B.T.'s mother (Mother) appeals.[1]

---

1. This writer believes the manner by which this case reaches this Court is fundamentally flawed. Mo. Const. art. V (1945) sets out a complete mechanism for the selection of the people who are to judge lawsuits. Art. V nowhere mentions a "Commissioner." Reliance on Section 487.030—superseded by Rule 129—does not in my judgment overcome what is a clear and unambiguous Constitutional scheme. The concurring opinion is correct as to the good work of Commissioners—inconveniently, this good work is not authorized by Article V. The parties did not raise this issue.

## Facts

B.T., born 8 May 1996, is a child with severe behavioral problems, including growling, head-butting, and jumping out of moving cars. Since February of 2002, B.T. has been under the Circuit Court's jurisdiction, and in foster or residential care.

When B.T. was released from a behavior facility in September of 2002, Mother refused custody of B.T. because she believed she was unable to care for him. In November of 2002, the Court ordered that B.T. be placed in St. Vincent's residential care. Mother signed a service plan, which required her to visit B.T., contribute financially to his care, and participate in parenting classes and therapy.

In June of 2003, the Court found that B.T. and Mother needed additional services and treatment before they could reunite. The Court made similar conclusions in October of 2003, February and October of 2004, and January of 2005.

On 15 April 2005, the Juvenile Officer filed a Petition to Terminate Parental Rights. After a hearing on 25 August 2005, the Court found that Mother had not contacted B.T. since May 2005, and restricted her visitation to occasions requested by B.T. and approved by the Children's Division. No further contact between Mother and B.T. occurred.

On 5 June 2006, Commissioner Kerr terminated Mother's parental rights with respect to B.T., under Sections 211.447.4(1), (2), and (3).[2] The Court found that Mother exhausted the services ordered in her parenting plan, and no other services are available to her. The Court stated:

> ... mother is unable to parent [B.T.] effectively or safely. The competent evidence demonstrates that [B.T.] continues to display severe behaviors with

which mother is unable to effectively cope. While the court does not find that these behaviors are directly caused by mother, the court finds that mother is nonetheless required to handle him effectively and safely if she wishes to parent [B.T.].

## Argument

Mother argues that the Court's termination of her parental rights under Sections 211.447.4(1), (2), and (3) was not supported by clear, cogent, and convincing evidence, and that the Court's assessment of the factors in Section 211.447.6 was not in B.T.'s best interests. Mother's main point appears to be that the Court unfairly penalized her for her son's behavioral problems.

## Discussion

■■■ The Court may terminate parental rights when termination is in the best interests of the child, and the Court finds one or more of the statutory grounds set forth in Section 211.447 by clear, cogent, and convincing evidence. *In Interest of J.N.C.,* 913 S.W.2d 376, 378–79 (Mo.App. W.D.1996); Section 211.447.5. The Court must also make findings on the factors listed in Section 211.447.6.

■■■ When reviewing a court's decision to terminate parental rights, we defer to the court's findings of fact, and consider all evidence and reasonable inferences therefrom in the light most favorable to the judgment. *In re P.L.O.,* 131 S.W.3d 782, 788 (Mo. banc 2004). Our review of the judgment is a two-part analysis. First, we apply *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) and determine if statutory grounds for termination were shown by clear, cogent, and convincing evidence. *In re P.L.O.* at 788. The judgment will be

**2.** All statutory references are to RSMo (2000).

affirmed unless no evidence supports it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Id.* If statutory grounds were properly shown, we then apply the abuse of discretion standard to determine if termination is in the best interests of the child. *Id.*

## Section 211.447.4(1): Abandonment

The court may terminate parental rights if: "for a period of six months or longer: ... (b) the parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, though able to do so...." Section 211.447.4(1). The record reflects that, from May 2005 to the time the Judgment was issued in June 2006, Mother did not visit, communicate with, or provide financial support to B.T. This evidence constitutes clear, cogent, and convincing evidence that Mother abandoned B.T. under Section 211.447.4(1).

## Section 211.447.4(2): Neglect

The Court may also terminate parental rights if it finds neglect under Section 211.447.4(2). In order to terminate parental rights under this section, the Court must "consider and make findings on the following conditions or acts of the parent: ... (d) Repeated or continuous failure by the parent, although physically or finan-cially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development...." Section 211.447.4(2).

The evidence at the trial below established that Mother refused custody of B.T. when he was released from a behavioral facility; visited B.T. only infrequently; and failed to contact B.T. or provide him with financial support for more than a year before the Judgment was entered. There was clear, cogent, and convincing evidence to support termination under Section 211.447.4(2).

## Section 211.447.4(3) Failure to Rectify

Under Section 211.447.4(3), a court may terminate parental rights when the child has been under the family court's jurisdiction for one year, and the conditions which led to this jurisdiction have not been rectified.[3] The ultimate issue when applying this statutory provision is the "continued existence of an unremedied, neglectful situation." *In re C.F.C.*, 156 S.W.3d 422, 430 (Mo.App. E.D.2005). There was clear, cogent, and convincing evidence to support termination on this ground: Mother complied with the service plan and exhausted available social services, and yet was still unable to care for B.T.; Mother refused custody of B.T.; and Mother's visits to

**3.** Section 211.447.4(3) authorizes termination when:

The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following: (a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms; (b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child....

B.T. were infrequent and caused B.T. to exhibit harmful behaviors.

*Section 211.447.6*

In addition to finding statutory grounds for termination, the Court must also make findings, when appropriate and applicable, on the seven factors enumerated in Section 211.447.6. We have reviewed the Judgment and the Record on Appeal, and find that the Court made specific findings with respect to each of these factors.

*Best Interests of the Child*

 Finally, we apply the abuse of discretion standard to determine if termination is in the best interests of the child. See *In re P.L.O., supra.* We agree with the Court's finding that Mother does not appear to be responsible for B.T.'s abnormal behavior. However, we also agree with the Court's conclusion that, in order to parent B.T., Mother must be able to care for him safely and effectively. Mother has exhausted all available social services and is still unable to parent B.T. The Court's decision to terminate Mother's parental rights is affirmed.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur in result in separate opinions filed.

NORTON, P.J., concurring in result.

I concur in result and with all of the opinion except footnote one. Family court commissioners are authorized by law to make findings and recommendations in selected cases. They are imperative to the functioning of some of the largest dockets in the State of Missouri and are necessary to the timely administration of justice. The state legislature and other governmental entities clearly understand the commissioners' worth, allocating resources to fund their proceedings. Further, I do not agree that this case and others like it reach this Court in error. Supreme Court Rules 129.08–.09 (2006) require the commissioner to transmit her findings and recommendations to the administrative judge of the family court. The judge then adopts, amends, modifies or rejects the findings and recommendations and enters judgment. It is this judgment, not the findings and recommendations of the commissioner, that is reviewed by this Court.

LAWRENCE E. MOONEY, Judge, concurring in result.

I concur in result and with all of the opinion except footnote one. Because the role of the commissioner is not challenged by a point on appeal, I express no further opinion.