Kevin M. **JOHNSTON**, Appellant,

v.

**DIRECTOR OF REVENUE**, Respondent.

No. ED 92720.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 22, 2010.

John F. Newsham, St. Louis, MO, for Appellant.

Christopher Koster, Jonathan H. Hale, Assistant Attorney General, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Kevin Johnston ("Driver") appeals a judgment entered in the Circuit Court of St. Louis County ("trial court") denying the reinstatement of his driving privileges. The trial court found that the Director of Revenue ("the Director") properly suspended Driver's license based on his con-

viction in Kentucky for driving under the influence. We affirm.

## I. BACKGROUND

The facts of this case are not in dispute. Driver resided in Kentucky until 2005, when he moved to the state of Missouri. Upon moving to Missouri in 2005, Driver surrendered his Kentucky license for a valid Missouri license.

On April 23, 1996, long before Driver moved to Missouri, the state of Kentucky charged him with Operating a Motor Vehicle Under the Influence of an Intoxicating Beverage—1st Offense ("DWI"). On July 15, 1996, Driver was found guilty of that offense and sentenced. He filed a notice of appeal on July 23, 1996. The appeal remained pending for 3,458 days, and the conviction was not affirmed until January 10, 2006. The record provides no explanation for the nearly nine and one half years' pendency of the Kentucky appeal.[1]

After Driver's case was affirmed on appeal, the Kentucky Department of Transportation notified the state of Missouri of Driver's DWI conviction. Kentucky's notice lists the citation date as April 23, 1996, and the conviction date as January 10, 2006. The Director of Revenue ("the Director") sent Driver a notice on February 21, 2006 stating that his driving privileges would be suspended for thirty days, pursuant to section 302.304 RSMo 2000[2], effective March 22, 2006.

Driver then filed a Petition for Review in the trial court on March 21, 2006, pursuant to section 302.311. The trial court denied his Petition and held that "points were properly assessed by the Department of Revenue for a Kentucky Driving While Intoxicated." Driver appeals.

## II. DISCUSSION

■ We will affirm the trial court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Jennings v. Dir. of Revenue*, 986 S.W.2d 513, 513–14 (Mo.App. E.D.1999) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). However, "[i]f the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Friedrich v. Dir. of Revenue*, 124 S.W.3d 30, 32 (Mo.App. W.D.2004) (quoting *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002)).

■ In his first point on appeal, Driver argues that the trial court erred in affirming the Director's suspension of his driving privileges because the Director exceeded her authority in issuing the suspension. We disagree.

Driver's argument stems from his assertion that he was convicted of DWI on July 15, 1996, rather than January 10, 2006. Under the provisions of the Driver License Compact ("the Compact"), section 302.600, Driver argues that Kentucky, not Missouri, was his home state at the time of his conviction. Therefore, Driver asserts, the Director exceeded her authority when she suspended his license based on a conviction that occurred when Missouri was not even his home state.

■ We believe, however, that this case may be resolved independent of the Compact because Missouri's statutory scheme authorizes the Director to suspend Driver's license for a valid Kentucky conviction. "[T]he [D]irector is authorized to rely on

---

1. At oral argument, Driver's counsel stated that Driver's attorney passed away during the pendency of the Kentucky appeal.

2. Unless otherwise noted, all statutory references are to RSMo 2000.

convictions in other states to suspend driving privileges...." *West v. Dir. of Revenue,* 184 S.W.3d 578, 580 (Mo.App. S.D. 2006) (quoting *Carlson v. Fischer,* 149 S.W.3d 603, 606 (Mo.App. W.D.2004)); *see also* section 302.160. Section 302.160 provides that, when the Director receives notice of a conviction in another state, "which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in section 302.304." In Missouri, a first-time DWI offense assesses an eight-point penalty. Section 302.302.1(10). The Director must suspend the license and driving privileges of any driver who accumulates eight points in eighteen months.[3] Section 302.304.3. Thus, the Director validly suspended Driver's license when she received notice from the Kentucky Department of Transportation of Driver's DWI conviction on January 10, 2006.

Driver's argument that he was actually convicted on July 15, 1996, is of no avail. The Kentucky Department of Transportation's notice to the Director lists Driver's date of conviction as January 10, 2006. Thus, the state of Kentucky designated January 10, 2006, as the conviction date. Driver's argument, in a Missouri court, that the Kentucky court's judgment erroneously determined his date of conviction amounts to a collateral attack. *See* BLACK'S LAW DICTIONARY 255 (7th Ed.1999) (defining "collateral attack" as "[a]n attack on a judgment entered in a different proceeding").

In *Carlson v. Fischer,* 149 S.W.3d 603 (Mo.App. W.D.2004), Mr. Carlson attempted to challenge the propriety of an Ohio court judgment that found him guilty of driving under the influence. 149 S.W.3d at 607. He presented evidence to a Missouri trial court that, in Ohio, he had never failed to appear, was never told his bond was being forfeited, never entered a guilty plea, and was never found guilty of operating a motor vehicle while intoxicated. *Id.* The Western District stated that Mr. Carlson could not challenge the Ohio court judgment in a proceeding under section 302.311 (outlining the procedures for appealing the Director's suspension or revocation of a license). *Id.* The Court went on to say: "[a] driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended." *Id.* (quoting *Kayser v. Dir. of Revenue,* 22 S.W.3d 240, 243 (Mo. App. E.D.2000)). Rather, the Court said that any challenge to Mr. Carlson's Ohio conviction had to be made in Ohio. *Id.* at 608. Driver, like Mr. Carlson, improperly attempts to challenge the propriety of a Kentucky judgment—namely, Kentucky's designated date of conviction—in a Missouri court.

For the foregoing reasons, the Director properly suspended Driver's license pursuant to section 302.304 for Driver's January 10, 2006, DWI conviction in Kentucky. Point one is denied.

In his second point on appeal, Driver argues that that trial court erred in affirming his suspension because Kentucky was not a member of the Compact at the time of his conviction, and therefore it remains inapplicable. Having decided Driver's appeal independent of the Compact, we need not address his second point.

The judgment is affirmed.

---

**3.** Driver actually accumulated ten points in eighteen months because he was also assessed two points for a conviction for failure to yield right of way in St. Louis County on November 1, 2005. This conviction is not at issue on appeal.

KENNETH M. ROMINES, C.J., dissents in separate opinion.

KURT S. ODENWALD, J., concurs with original opinion.

KENNETH M. ROMINES, Chief Judge, dissenting.

I dissent. Even this small case, containing only six pages of transcript and two exhibits, contains enough legal fodder to feed a law school exam.

Initially, the record was compiled before a traffic commissioner followed by a hollow review by a Circuit Judge. I cannot find any provision of Article V of the Missouri Constitution which dictates this procedure.[1]

Secondarily, when does a conviction occur for the purposes of use by the respondent: on the date of conviction of a defendant by a jury, or ten years later when an Appellate Court gets around to dismissing the appeal? I submit that a Circuit Court could recognize and remedy this very case using equitable principles, but it is not to be.

Thirdly, what is the use and application to be given § 302.160 [2], on our facts?

Lastly, what is the application to be given § 302.600—euphemistically known as the Driver License Compact?

In each of these four areas are wonderful warrens to pursue legal rabbits—I shall limit my chase to the third and fourth areas, with a feint to area two.

§ 302.160 reads:

When the director of revenue receives notice of a conviction in another state or from a federal court, which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require as provided in § 302.304.

My reading of these words combined with a review of the cases written pursuant to this section [3], when read in conjunction with § 302.600 convinces me that § 302.160 applies only to *Missouri* drivers when they venture into other states or onto Federal Lands; the cases deal specifically with *Missouri* drivers.

As the facts in this case show, appellant was a *Kentucky* licensed driver when he was convicted after jury verdict, in 1996: thus § 302.160, *supra*, did not, and could not apply to appellant. Missouri had no license to revoke.

During the appellate interregnum in Kentucky, appellant, moving on with his life, crossed the river in 2004, surrendered his Kentucky license to Missouri and obtained a Missouri License.

Kentucky, in 2006, disposed of the appeal and appellant paid a fine to Kentucky of Four hundred and eighty-six dollars and fifty cents. A Kentucky bureaucrat, then having obtained appellants address, informed the Respondent of the ten year old conviction—resulting in the suspension before us.

To apply § 302.160, *supra*, to these facts exceeds the intent of the statute. The statute applies to a Missouri driver who was a Missouri driver when the incident occurred. If the statute goes further substantial constitutional concerns arise—not to mention simple jurisdictional concerns.

1. *In the Interest of B.T.*, 218 S.W.3d 575, 576 n. 1 (Mo.App.F.D.2007)

2. All statutory references are to RSMo (2000)

3. *West v. Director of Revenue*, 184 S.W.3d 578 (Mo.App. S.D.2006) *Carlson v. Fischer*, 149 S.W.3d 603 (Mo.App. W.D.2004) *Callahan v. Director of Revenue*, 878 S.W.2d 826 (Mo.App. E.D.1993) *Allen v. LaPage*, 579 S.W.2d 391 (Mo.App. E.D.1979) *Farnsworth v. Director of Revenue*, 573 S.W.2d 135 (Mo.App.1978) *Schuiling v. Scott*, 493 S.W.2d 4 (Mo.App. 1973)

It would also be nice if we showed Full Faith and Credit evidentiary concern as opposed to relying on the e-mails of this case.

The majority, relying on *Carlson v. Fischer,* 149 S.W.3d 603 (Mo.App. W.D. 2004) and *West v. Director of Revenue,* 184 S.W.3d 578 (Mo.App. S.D.2006), holds that appellant may not collaterally attack his Kentucky conviction. Of course, as a general proposition a foreign conviction can be collaterally attacked.[4] Here, appellant does not collaterally attack the Kentucky conviction. The attack made is that the Director had no legal authority to suspend his license.

Indeed, why have a "Driver License Compact" (§ 302.600) if it was the Legislative intent to have § 302.160 cover this factual situation? Appellant was a Kentucky driver. the Director had no authority to suspend.

Whatever the impact of § 302.600 might be, it need not be considered. Though counsel for the Director moved the Commissioner to take Judicial Notice of the Compact, and the Commissioner did—there is nothing in this record—and nothing in the *Historical and Statutory Notes* to § 302.600,—nor does this writers research reveal—as to where and when the Kentucky legislature agreed to become members of the Compact. Simply put, the Driver License Compact does not apply in this Case—Kentucky is not a member.[5]

The action of the Director suspending Appellant's license in Missouri should be reversed.

**T.J., Appellant,**

v.

---

**4.** *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999)

**5.** *Schuetz v. Con., Dept. of Transp., Bureau of Driver Licensing,* 753 A.2d 915 (Pa.Cmwlth., 2000) and *Hughes v. Ohio Bur. Of Motor Vehicles,* 79 Ohio St.3d 305, 681 N.E.2d 430 (1997)