William **THANNER**, Jr.,
Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE**,
Respondent/Appellant.

No. ED 104300

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE.**

Filed: May 2, 2017

Rachel M. Jones, Jefferson City, Missouri, for Appellant.

Keith G. Liberman, Clayton, Missouri, for Respondent.

## OPINION

Lisa Van Amburg, Judge

The Director of Revenue appeals the trial court's judgment ordering the Department to issue a Missouri driver's license to William Thanner. We reverse and remand.

## Background

Thanner and his family moved to Missouri from Georgia in 2015. Thanner timely applied for a Missouri driver's license to reflect his change of residency. At the time, Thanner had a Georgia driver's license and a clean driving record since 2010. The Director denied the application based on three DWI convictions that Thanner incurred in Georgia between 1996 and 2010, two of which resulted in 4–month suspensions.

Thanner petitioned for judicial review under § 302.311 and, in his petition, acknowledged his three DWI convictions. The Director responded, citing those convictions as the basis for denial. The parties appeared before the trial court in 2016. In that proceeding, Thanner again conceded the Georgia convictions but testified that he successfully completed all requirements for reinstatement of his Georgia license[1] and had not consumed alcohol since 2009. The Director adduced certified records of Thanner's Georgia convictions, the validity of which Thanner does not dispute.

Adopting Thanner's proposed judgment in its entirety, the trial court granted Thanner's petition and ordered the Director to issue him a Missouri driver license, reasoning that Thanner posed no safety risk on Missouri roadways and that Georgia's reinstatement was entitled to full faith and credit under the interstate Driver License Compact (§ 302.600). The Director appeals and asserts that the trial court misapplied Missouri law governing license eligibility.

---

1. After third DWI conviction, Thanner completed a 30–day inpatient program and subsequently a one-year follow-up program consisting of daily AA meetings and weekly group meetings at the rehabilitation facility.

## Standard of Review

■ On appeal from a circuit court's decision in a license suspension or denial review, this court reviews the judgment of the circuit court rather than the Director's decision. *Silman v. Dir. of Revenue*, 880 S.W.2d 574, 576 (Mo. App. S.D. 1994); *Vette v. Dir. of Revenue*, 99 S.W.3d 563, 566 (Mo. App. W.D. 2003). This court will affirm the judgment of the circuit court unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously declares or applies the law. *Wampler v. Dir. of Revenue*, 48 S.W.3d 32, 34 (Mo. 2001) citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the judgment and defer to the trial court's resolution of factual issues. *Duffy v. Dir. of Revenue*, 966 S.W.2d 372, 379 (Mo. App. W.D. 1998). However, when facts are not contested and the issue is one of law, then we do not defer to the trial court, and our review is *de novo*. *Stiers v. Director of Revenue*, 477 S.W.3d 611, 614 (Mo. 2016). Here, the Director asserts that the trial court erred as a matter of law, so our review is *de novo*.

## Framework

■ On judicial review of an administrative license denial or suspension, the driver has the burden of producing evidence that he was qualified for a driver's license, and the Director has the burden of producing evidence that the driver is not eligible. *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49 (Mo. 2001). The Director can meet that burden by introducing the administrative record. *Id.* The driver must then show that the administrative record is incorrect or the grounds for denial unlawful. *Id.*

Under Missouri law, three or more DWI convictions result in denial or revocation of a Missouri driver's license for ten years. Section 302.060 states in pertinent part:

The director shall not issue any license and shall immediately deny any driving privilege ... (9) To any person who has been convicted more than twice of violating state law, ... relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction....

§ 302.060.1(9). The Director's authority to suspend or revoke a license based on out-of-state convictions is codified in § 302.160:

When the director of revenue receives notice of a conviction in another state or from a federal court, which, if committed in this state, would result in the assessment of points, the director is authorized to assess the points and suspend or revoke the operating privilege when the accumulated points so require

§ 302.160. To ensure the Director's notice of such convictions, Missouri is a signatory to the interstate Driver License Compact, pursuant to which states share information concerning motor vehicle violations by their respective residents. The Compact states:

It is the policy of each of the party states to ... [m]ake the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:

(1) The applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.

(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways.

Except as expressly required by provisions of this compact, nothing contained herein shall be construed to affect the right of any party state to apply any of its laws relating to licenses to drive to any person or circumstance . . . .

§ 302.600.

### Analysis

■ In two related points, the Director asserts that the trial court erred in ordering the issuance of a license to Thanner because Thanner was not eligible due to his previous DWI convictions. Thanner counters that he established his eligibility by virtue of his valid Georgia license and that the Director's denial based on § 302.060(9) is unlawful because the Compact requires reciprocity.

■ Specifically, Thanner argues that the Director's denial of his application for a Missouri license violates the Compact because the Compact prescribes "the reciprocal recognition of licenses to drive and eligibility therefor." § 302.600 art. I (b)(2). In other words, Thanner asserts that Missouri must issue a license to anyone possessing a valid license in any other signatory state, even if that state's eligibility standards are lower than Missouri standards, essentially placing newcomers in a better position than longtime Missouri residents. The Compact does not direct such a result. Notwithstanding the general policy of reciprocity, the Compact does not *require* any state to issue a license to anyone. At most, it *proscribes* issuance of a license when a driver is under suspension or revocation in another state. § 302.600 art. V(1)–(2). The Compact expressly states that it "shall not be construed to affect the right of any party state to apply any of its other laws relating to licenses to drive to any person or circumstance . . ." § 302.600 art. VI. Thus, the Compact does not supplant the 10–year ineligibility rule under Missouri substantive law as set forth in § 302.060(9).

Missouri courts recognize that the Director may cite out-of-state convictions to suspend or revoke an existing Missouri license. For example, in *Kinzenbaw v. Dir. of Revenue*, the Director suspended the Missouri license of a Missouri resident based on two DWI convictions in Missouri and a third in Iowa. 62 S.W.3d 49, 51 (Mo. 2001). In *Friedrich v. Dir. of Revenue*, the Director revoked a Missouri driver's license and instituted a ten-year denial based on two Missouri offenses and a third in Iowa. 124 S.W.3d 30 (Mo. App. W.D. 2004). These cases illustrate the intended function of the Compact—Iowa sent Missouri information regarding a Missouri driver's DWI conviction in Iowa, prompt-

ing the Director's action against the Missouri driver's license.

Closer to the present facts, Missouri courts have also recognized that the Director may cite out-of-state convictions to deny an *application* for a Missouri license for ten years pursuant to § 302.060(9). In *Rundquist v. Director of Revenue*, the Director denied a license application based on DWI convictions in Illinois, Kentucky, and Missouri. 62 S.W.3d 643 (Mo. App. E.D. 2001). In *Vette v. Director of Revenue*, the Director denied a license application based on one DWI in Missouri and two in Nebraska. 99 S.W.3d 563 (Mo. App. W.D. 2003). In *Miller v. Director of Revenue*, the Director denied a license application based on one DWI conviction in Missouri and two in Iowa. 268 S.W.3d 407 (Mo. App. W.D. 2008). In these cases, the state of issuance of the driver's previous license is not specified in the appellate court's opinion. In all cases, the courts recognized application of § 302.060(9) as the controlling substantive law without regard to drivers' licensure in other states.

Here, the trial court adopted Thanner's rationale and conclusions of law, relying entirely on a *dissent* opining that § 302.160 applies only to drivers holding a Missouri license when the out-of-state offense occurred, and citing full faith and credit without analysis.[2] *Johnston v. Director of Revenue*, 305 S.W.3d 465 (Mo. App. E.D. 2010). In that case, a Kentucky driver was convicted of DWI in 1996, but his conviction was not affirmed on appeal until 2006. In the interim, Johnston's conviction remaining unreported, and he moved to Missouri and obtained a Missouri license in 2005. When the Kentucky DWI conviction was finally affirmed and reported in 2006, the Director suspended Johnston's Missouri license. Despite the fact that Kentucky was Johnston's home state at the time of the offense, this court affirmed the Director's suspension, reasoning that the Director was entitled to rely on the conviction date as reported by Kentucky. While unusual on its chronological facts, *Johnston* remains instructive for its adherence to a strict liability approach to Missouri's 10-year rule under § 302.060(9), consistent with other appellate decisions cited above.

Simply put, Missouri substantive law controls the Director's issuance, suspension, or revocation of a Missouri license regardless of the driver's home state at the time of the conviction. Nothing in the Compact mandates differential treatment.

## Conclusion

We acknowledge the trial court's factual findings that Thanner has "moved on with his life" since 2010 and that his "habits and conduct show he no longer poses a threat to the safety of the public at large or the State of Missouri." As a matter of law, however, such findings are not relevant under § 302.060 until 2020. In the interim, as the Director confirmed in oral argument, these facts would support an application for limited driving privileges pursuant to § 302.309.

The trial court's judgment is reversed, and the cause is remanded for the trial court to reinstate the Director's denial of Thanner's application for an unrestricted license and proceed on his request for limited driving privileges.

Angela T. Quigless, P.J., and Robert G. Dowd, Jr., J., concur.

---

**2.** Thanner did not develop his full faith and credit argument into legal analysis and essentially abandoned it at oral argument, conceding that it does not mandate reciprocal recognition of state-specific licenses (e.g., drivers, teachers, lawyers).